**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICARDO TELIZ-MELCHOR, on behalf of himself, and all other similarly situated Plaintiffs known and unknown, )<br><br>Plaintiff )<br><br>v. )<br><br>JACKSON LANDSCAPING INC., AND DAVID B. JACKSON, individually )<br><br>Defendants ) | Nº. 15 cv 9355<br><br>Honorable Sidney I. Schenkier |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
AND DISMISSING CLAIMS WITH PREJUDICE**

This cause comes before the Court upon Plaintiffs' Agreed Motion for Final Approval of the Parties' Stipulation and Agreement to Settle Class Action Claims. The Court has reviewed the Settlement Agreement and the exhibits attached thereto and finds that the proposed settlement is within the range of fair, reasonable, and adequate resolution of the issues in this proceeding and, therefore,

**IT IS ORDERED** that:

1.      The following class is certified for settlement purposes: All landscape employees of Jackson Landscaping Inc., between January 1, 2007 and December 31, 2015 who experienced a deduction from their pay for uniforms.

2.      The Court finds that American Legal Claims Services, LLC, the appointed Administrator, has met all requirements the Court set forth in its Preliminary Approval Order.

3.      The Court finds that the direct-mail notice program used in this case, along with

1

the additional notice measures performed in this matter, satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

4.      The Court acknowledges that notice of settlement was made pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5.      The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

6.      The Court hereby dismisses this case without prejudice to be converted to with prejudice after all administrative processes have been completed and the administrator has closed its file.  All Settlement Class members herein release and discharge Defendant and the other Released Persons identified in the Joint Stipulation and Agreement to Settle Class Action Claims from any and all Illinois Wage Payment and Collection Act claims for unauthorized deductions arising out of the Class Members' employment during the time period from January 2007 through December 31, 2016. In addition, all individual claims of the named Plaintiffs are likewise dismissed with prejudice.

7.      The Court directs payment to the Class as follows: the total amount of Fifteen Thousand Nine Hundred Seventy-Three Dollars and Sixty-Six Cents ($15,973.66) for individual payments to members of the Settlement Class, including the Class Representative, for their release of their IWPCA claims within twenty-eight (28) days after the Settlement Effective Date as described in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion;  The Court further directs payment to the Named Plaintiff as follows: Three-Thousand Dollars ($3,000) as and for the incentive award and further, for the release of all other claims under the FLSA and IMWL, within twenty-eight (28) days

after the Settlement Effective Date as described in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion.;

8.    The Court directs payment to Class Counsel a total sum of Fifteen-thousand Five Hundred Twenty-Four Dollars ($15,524.00) as and for attorneys' fees and costs incurred in the prosecution of the individual and class claims herein. Twenty-Five Hundred Dollars ($2,500.00) of said legal fees and costs shall be paid from the unclaimed funds as set forth in Paragraph 9(a) of this order. The remaining Thirteen Thousand, Twenty-Four Dollars ($13,024.00) shall be paid in eight monthly installments of Sixteen Hundred, Twenty-Eight Dollars ($1,628.00). The first of the eight monthly payments will be due twenty-eight (28) days after the Settlement Effective Date as described in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion. The remaining seven payments shall be due on the 21st day of each month following the first payment.

9.    With respect to unclaimed funds pertaining to this settlement ('the Remainder Fund"), the Court orders the following distribution of the remainder funds within twenty-eight (28) days after the later to occur of (1) the Settlement Effective Date or (2) cancellation of any unclaimed checks as provided in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion:

   a.  Unclaimed funds in the Remainder Fund in the amount of $11,931.53 will be used first to supplement Plaintiff's attorney's fees in the amount of $2,500 (to make the total of $15,524.00 outlined above);

   b.  Of the remaining $9,431.53, 50% ($4,715.76) shall be paid to Defendant to partially reimburse Defendant for administration costs paid to the Settlement Administrator and/or the incentive award paid to Plaintiff;

   c.  And of the remaining $9,431.53, 50% ($4,715.77) of the Remainder Fund thereafter shall be distributed to the *cy pres* recipient "HACES" (Hispanic American Community Education and Services), of Waukegan, Illinois, said funds to be delivered by Defendant to FLAP for presentation to HACES.

3

10.     The Court directs Defendant to issue checks to Settlement Class Members, as provided in the Settlement Agreement, within twenty-eight (28) days after the Settlement Effective Date as described in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion.

ENTER:

_____06-20-17_____
Date

_____
The Honorable Sidney I. Schenkier

4